

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 1:07CV2829<br>) |
| GANLEY MANAGEMENT CO.<br>d/b/a<br>FRANK NERO LINCOLN-MERCURY, INC. | ) JUDGE OLIVER<br>)<br>) COMPLAINT<br>) JURY TRIAL DEMAND |
| Defendant. | ) MAG. JUDGE VECCHIARELLI<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Larry Vandiver and a class of Black employees who were adversely affected by such practices. As articulated with greater particularity in paragraph 7, below, the Commission alleges that Defendant, Ganley Management Co. d/b/a Frank Nero Lincoln-Mercury Inc., discriminated against Mr. Vandiver and others on the basis of race (Black), when they were subjected to differential terms and conditions of employment and a hostile work environment created by the General Manager, Jay Walsh (White). The Commission further alleges that Defendant subjected a class of Black employees to differential terms and conditions of employment and a hostile work environment based

1

on race. As a result of the Defendant's unlawful conduct, Mr. Vandiver and the class of claimants suffered and continue to suffer emotional distress, wage losses and other monetary damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Ganley Management Corporation d/b/a Frank Nero Lincoln-Mercury, Inc. ("Defendant Employer" or "Ganley"), has continuously been and is now doing business in the State of Ohio and the city of Bedford and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Larry Vandiver filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2005, Defendant Employer has engaged in unlawful employment practices at its Bedford, Ohio facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) In July 2003, Defendant hired Larry Vandiver as a Used Car Salesperson for its Bedford, Ohio dealership.

(b) Following his hire, Mr. Vandiver was subjected to disparate terms and conditions of employment based on his race, Black.

(c) Throughout his employment, Mr. Vandiver has observed that General Manager Jay Walsh has extended greater income earning opportunities to White salespersons by placing their names directly on advertisements resulting in customer referrals to White employees.

(d) Defendant has subjected Mr. Vandiver's vehicle sales to different standards of processing and approval than the standards applied to vehicle sales by White employees. The difference in treatment has resulted in Mr. Vandiver being deprived of income opportunities.

(e) Mr. Vandiver was subjected to and is aware that the General Manager, Jay Walsh, frequently made racially derogatory comments and used racial slurs in the workplace. The offensive, derogatory comments were directed at and concerning African American employees and customers.

(f) The racial slurs used by Jay Walsh include, but are not limited to him referring to Blacks as "niggers". Consequently, Mr. Vandiver and a class of similarly situated Black employees were

3

subjected to a work environment poisoned with racial hostility and work obstacles not encountered by White employees.

(g) The racially hostile work environment caused humiliation, embarrassment and other forms of emotional distress to Mr. Vandiver and the class of aggrieved individuals.

8. The unlawful employment practices complained of in Paragraph 7 (a) through (g) above were intentional.

9. The unlawful employment practices complained of in Paragraph 7 (a) through (g) above were intentional and were done with malice or with reckless indifference to the federally protected rights of Black employees, in violation of Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from continuing to disparately treat individuals, and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to

4

actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E. Order Defendant Employer to make whole Larry Vandiver and similarly situated Black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay or reinstatement, where appropriate.

F. Order Defendant Employer to make whole Larry Vandiver and similarly situated employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7, 8 and 9 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

G. Order Defendant Employer to make whole Larry Vandiver and similarly situated Black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraphs 7, 8 and 9 above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

H. Order Defendant Employer to pay Larry Vandiver and similarly situated Black employees punitive damages for its malicious and reckless conduct described in Paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L. Street, NW
        Washington, DC 20507

        JACQUELINE H. MCNAIR
        Regional Attorney
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Philadelphia District Office
        801 Market Street, Penthouse Suite
        Philadelphia, PA 19106
        Telephone (215) 440-2814

        */s/ C. Larry Watson*
        C. Larry Watson
        Associate Regional Attorney (0031443)
        Cleveland Field Office
        (216)522-7455
        larry.watson@eeoc.gov

        */s/ Donna L. Williams-Alexander*
        Donna L. Williams-Alexander (0037838)
        Senior Trial Attorney
        Cleveland Field Office
        Anthony J. Celebrezze Office Building
        1240 East Ninth Street, Suite 3001
        Cleveland, Ohio 44199
        Donna.williams-alexander@eeoc.gov
        (216) 522-7454
        (216)522-7430 fax